[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior CT Page 2641 Court, G. A. 2, at Bridgeport.
Andrew Liskov, Defense Counsel, for Petitioner
Nicholas Bove, Assistant State's Attorney, for the State.
Sentence Modified
 BY THE DIVISION:
KLACZAK, JUDGE, O'KEEFE, JUDGE, IANNOTTI, JUDGE.
Following a jury trial the petitioner, then 21 years of age, was convicted and sentenced as follows:
 1. Carrying a Pistol Without permit (CGS § 29-35 (a) 5 years (1 year to be a mandatory minimum)
2. Weapon in a Motor Vehicle (CGS § 29-38) 5 years consecutive
 3. Altering or Removing Pistol Identification (CGS § 29-36) 5 years consecutive
 4. Interfering with a police officer (CGS § 53a-167a) 1 year consecutive
The total effective sentence was sixteen years with a one year CT Page 2642 a mandatory minimum.
The factual basis for the convictions, from the pre-sentence report, is as follows: On June 17, 1997, at approximately 3 A.M., police were conducting a narcotics surveillance at a multi-family dwelling in Bridgeport. They saw the petitioner drive up to the curb, exit his vehicle and enter the building through a rear door. Within a minute, he existed the building carrying a package and proceeded to drive away. An officer tried to pull him over using strobe lights and siren, but the petitioner would not stop and got onto I-95 northbound, exiting at Stratford. Other officers joined the chase and the petitioner stopped his car and fled on foot. He was tackled and placed into custody. (It was noted that traffic was non-existent at that hour and the petitioner's speeds were not considered reckless). As he fled on foot, he dropped several items, one of which was a plastic bag which held a 9 mm handgun wrapped in a newspaper. The weapon, which had its serial numbers scratched off held four live rounds.
The petitioner's criminal record included an alternative docket conviction for possession of marijuana with intent to sell for which a suspended sentence was imposed, and in 1994 (at age 17) he was convicted of having a weapon in a motor vehicle and possession of narcotics. He was sentenced to concurrent three year terms in that case. CT Page 2643
While the petitioner's childhood was abysmal, and included abandonment by his mother, a father who was never in the picture, and a series of DCF residential placements, that cannot excuse him from responsibility for serious criminal activity. The sentencing court was aware of and commented to that effect, but also noted that Turner had been convicted previously of having a weapon in a motor vehicle (and possession of narcotics) and that only one year and three days after being released from incarceration he committed this similar offense. On the positive side, the pre-sentence report describes Turner as an affable and capable person with some good qualities and the ambition to improve his future.
In arguing for a reduction his attorney stresses the positive attributes discussed above and the fact that the weapon was not used in any way, there was no violence associated with this offense, nor was there a traumatized victim. Further, he argues that the three weapons charges were part and parcel of the same incident and that the sixteen year sentence, under all the circumstances, was disproportionately severe.
The state's attorney asks the Division to consider the comments of the sentencing Court to the effect that Turner's repeated involvement with handguns could have easily resulted in an unwarranted tragedy, together with the perception that the CT Page 2644 prospects for rehabilitation were not optimistic. He posits that the maximum sentence was justified.
The Review Division, pursuant to practice Book § 43-28, can modify a sentence if it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended.
There are, of course, a myriad of factors which go into a sentencing determination including a deference to the sentencing courts' decision. The judges of the Review Division must look to their collective experience in arriving at their decision as whether or not a sentence is disproportionate.
In this case, after carefully considering all of the facts and circumstances, we have concluded that, while the negative factors alluded to warrant a severe sentence, there are some positive factors that mitigate against the maximum penalty.
Accordingly, this matter is ordered returned to the Superior court, G.A. 2, at Bridgeport, to be modified as follows:
 Count 1. Carrying a pistol without a permit 5 years (1 year is mandatory)
CT Page 2645
Count 2. Weapon in a motor vehicle 1 year
Count 3. Altering or removing pistol identification 2 years
Count 4. Interfering with an officer 1 year
The sentences in counts two, three and four are to run consecutively to each other and consecutively to the sentence in count one, for a total effective sentence of nine years in the custody of the Commissioner of Corrections, one year of said sentence is mandatory.
Klaczak, O'Keefe and Ianotti, J.s, participated in this decision.
CT Page 2645-a